UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| FREDERICK EUGENE WOOD, | ) | |
| Petitioner, | ) ) | CASE NO.   C10-612-JLR-JPD |
| v. | ) ) | (CR09-094-JLR) |
| UNITED STATES OF AMERICA, | ) ) | REPORT AND RECOMMENDATION |
| Respondent. | ) ) ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Frederick Eugene Wood is a federal prisoner who is currently incarcerated at FCI Englewood in Littleton, Colorado. He has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed upon him following his 2009 conviction on charges of wire fraud, accessing a protected computer without authorization, and aggravated identity theft. Respondent, at the Court's direction, filed a response to petitioner's § 2255 motion. After careful consideration of petitioner's motion, the briefs of the parties, and the balance of the record, this Court concludes that petitioner's §2255 motion should be denied.

## FACTS

On April 1, 2009, a grand jury returned an indictment charging petitioner with one count of Wire Fraud, in violation of 18 U.S.C. § 1343; one count of Accesing Protected computer without Authorization to Further Fraud, in violation of 18 U.S.C. § 1030(a)(4) and (c)(3)(A); and one count

REPORT AND RECOMMENDATION
PAGE - 1

of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). (CR09-094-JLR, Dkt. No. 8.) Petitioner thereafter entered into a plea agreement with the government and, on May 19, 2009, petitioner pled guilty to the three charges set forth in the indictment. (*See id.*, Dkt. Nos. 19 and 21.) As a part of his plea agreement, petitioner agreed to waive his right to appeal his sentence under 28 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence "except as it may relate to the effectiveness of legal representation. (*Id.*, Dkt. No. 21 at 13-14.) On August 11, 2009, petitioner was sentenced to serve 39 months in prison. (*Id.*, Dkt. Nos. 28 and 29.) Petitioner did not appeal his sentence.

On March 29, 2010, petitioner filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedures based on his health. (*Id.*, Dkt. No. 30.) Specifically, petitioner asserted that the Bureau of Prisons was withholding proper medical care for his AIDS, Hepatitis C, and severe bipolar disorder. (*Id.*) Petitioner's motion was denied on April 5, 2010, because [Rule 35 did not afford the type of relief requested by petitioner in his motion] the motion was deemed not appropriate under Rule 35 which permits the correction an "arithmetical, technical, or other clear error" in sentencing and it was not filed within 14 days of sentencing as required by Rule 35. (*Id.*, Dkt. No. 32.)

On April 12, 2010, petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner identifies the following three ground for relief in his motion: (1) ineffective assistance of counsel; (2) new case law invalidates his conviction under 18 U.S.C. § 1030(a)(4) and (c)(3)(A) (Count II); and (3) new case law invalidates his conviction under 18 U.S.C. § 1028A. The government argues in its response to petitioner's motion that petitioner's second and third grounds for relief are barred by his plea agreement and are barred because he procedurally defaulted on those claims. The government further argues that all three of petitioner's claims fail on the merits.

REPORT AND RECOMMENDATION
PAGE - 2

## DISCUSSION

### Ground One:  Ineffective Assistance of Counsel

Petitioner asserts in his first ground for relief that he was denied effective assistance of counsel when counsel failed to argue for a downward departure based on petitioner's health status in his sentencing memorandum.  Petitioner further asserts that he was denied effective assistance of counsel when counsel failed to argue that there was not sufficient evidence to convict petitioner of aggravated identity theft under 18 U.S.C. § 1028A.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*.  Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Strickland*, 466 U.S. at 688, 691-92.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential.  *Id*. at 689.  There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance.  *Strickland*, 466 U.S. at 689.  The Ninth Circuit has made clear that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance.  *Strickland*, 466 U.S. at 693.  The petitioner must demonstrate that it is reasonably probable that, but for counsel's errors, the result of the proceedings would have been different.  *Id*. at 694.  The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component.  *Id*. at 697.  Furthermore, if both components are to be considered, there is no prescribed order in which to address them.  *Id*.

### *1.   Downward Departure*

Petitioner asserts that counsel rendered ineffective assistance when he failed to argue for a downward departure under U.S.S.G. § 5H1.4 based on the fact that petitioner is HIV positive and suffers from advanced AIDS and from chronic hepatitis C infection. (Dkt. No. 1 at 10.) Petitioner argues that such illnesses have, in the past, qualified other defendants for a downward departure pursuant to U.S.S.G. § 5H1.4 but that his counsel's failure to note the information regarding petitioner's health status in the sentencing memorandum precluded consideration of such a departure.

Section 5H1.4 provides that while a defendant's physical condition "is not ordinarily relevant in determining whether a departure may be warranted," a downward departure may be granted if a defendant has "an extraordinary physical impairment." *See* U.S.S.G. § 5H1.4. And, as the parties correctly note, some defendants with advanced stages of AIDS have successfully argued for downward departures under U.S.S.G. § 5H1.4. *See, e.g.*, *United States v. Watson*, 385 F.Supp.2d 534 (E.D.pa. 2005); *United States v. Blarek*, 7 F.Supp.2d 192 (E.D.N.Y. 1998); *United States v. Streat*, 893 F.Supp. 754 (N.D.Ohio, 1995).

However, the courts that have addressed such departures have generally found that a defendant's HIV-positive status alone is not sufficient to justify a departure under § 5H1.4. *See United States v. Castillo*, 430 F.3d 230, 241 (5th Cir. 2005) (citing cases). A defendant's actual physical health must be such that it constitutes an "extraordinary physical impairment" in order to justify a departure. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). And, one of the factors courts have considered in making determination as to whether an "extraordinary physical impairment" is whether the Bureau of Prisons has the ability to accommodate the disability. *See United States v. Martinez-Guerrero*, 987 F.2d 618, 620-21 (9th Cir. 1993). *See also*, *United States v. DePew*, 751 F.Supp. 1195, 1199 (E.D.Va. 1990).

Petitioner, at his sentencing hearing, noted in his comments to the Court that he had contracted HIV and hepatitis C as a result of "poor lifestyle and poor decisions." He did not claim, as he does now, that he suffered from advanced AIDS and there is nothing in the record to suggest that,

REPORT AND RECOMMENDATION
PAGE - 4

at the time of his sentencing, petitioner's condition constituted an extraordinary physical impairment. Thus, petitioner has not demonstrated that he was prejudiced by counsel failure to request a departure pursuant to U.S.S.G. § 5H1.4 and, thus, petitioner's first ineffective assistance of counsel claim should be denied.

### 2. *Sufficiency of Evidence*

Petitioner asserts that counsel also rendered ineffective assistance when he failed to argue that a bank account number, by itself, was not sufficient to convict petitioner of aggravated identity theft under 18 U.S.C. § 1028A.

Title 18, United States Code, Section 1028A(a) provides as follows:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

Petitioner was charged in Count 3 of the indictment as follows:

> On or about October 31, 2007, within the Western district of Washington and elsewhere, FREDERICK EUGENE WOOD knowingly transferred, possessed and used, without lawful authority, a mean of identification of another person, to wit, the personally identifiable bank number of R.M., of Statue Island, NY, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit, Fraud and Related Activity in connection with Computers, in violation of Title 18, United States Code, Section 1030(a)(4).
>
> All in violation of Title 18, United States Code, Section 1028A(a)(1)

(CR09-94-JLR, Dkt. No. 8 at 8.)

Petitioner contends that under Ninth Circuit case law, a bank account number does not constitute a sufficient means of identification to sustain a conviction under § 1028A. Petitioner, however, does not identify what case(s) he is relying on to support this proposition and the government, in its response to petitioner's motion, notes that it was unable to find any such case. Even assuming petitioner had identified a relevant case, petitioner, in his plea agreement, admitted that he produced "counterfeit checks and driver's licenses containing identity and bank account number of . . . real people." It thus appears that any argument that "means of identification" did not

REPORT AND RECOMMENDATION
PAGE - 5

include bank account numbers would have been fruitless as petitioner clearly possessed and used other personally identifying information as well. Accordingly, petitioner's second ineffective assistance of counsel claim must fail.

### Grounds Two and Three: Continued Applicability of Statutes

Petitioner asserts in his second ground for relief that new case law precludes application of 18 U.S.C. § 1030 to the facts of his case and he asserts in his third ground for relief that new case law precludes that application of 18 U.S.C. § 1028A to the facts of his case. However, petitioner, in his plea agreement, expressly waived the right to bring any collateral attack against his conviction and sentence "except as it may relate to the effectiveness of legal representation." (CR09-94-JLR, Dkt. No. 21 at 14.) While petitioner's first ground for relief falls within the exception provided for in the plea agreement, petitioner's second and third grounds for relief clearly do not. Accordingly, those two claims are barred in this collateral proceeding.

### Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to either of the two claims of ineffective assistance of counsel asserted by petitioner in his § 2255 motion.

//

//

//

REPORT AND RECOMMENDATION
PAGE - 6

## CONCLUSION

As none of petitioner's claims has merit, this Court recommends that petitioner's § 2255 motion be denied. This Court further recommends that a certificate of appealability be denied with respect to each of the two claims of ineffective assistance of counsel asserted by petitioner in his § 2255 motion. A proposed Order accompanies this Report and Recommendation.

DATED this 28th day of July, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge